UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00194-TWP-DML |
| | ) |
| CLARK COUNTY SHERIFF AND SHERIFF'S | ) |
| DEPARTMENT JAIL, | ) |
| HEACOCK, | ) |
| BEN, | ) |
| EMERSON, | ) |
| KRAMER, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint, Dismissing Deficient Claims,
and Directing Further Proceedings**

Plaintiff Christopher Michael Johnson is an inmate currently incarcerated at Plainfield Correctional Facility. He initiated this civil rights action alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and his constitutional rights based on events that occurred while he was a pretrial detainee at the Clark County Jail (the "Jail"). Because Mr. Johnson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Construing Mr. Johnson's complaint liberally, he names five defendants: (1) the Clark County Sheriff (identified as "Clark County Sheriff and Sheriff's Department Jail")[1]; (2) Jail Commander Heacock; (3) Nurse Ben; (4) Doctor Emerson; and (5) Nurse Kramer. All defendants are sued in both their individual and official capacities. Mr. Johnson seeks monetary damages and an order requiring the defendants to provide him with all medication that has been prescribed by his orthopedic specialist. He bases his complaint on allegations about two separate issues, each of which is discussed below.

A.     *Mistreatment Based on Disability*

Mr. Johnson suffers from a physical impairment and uses a cane to walk. Since he arrived at the Jail in December 2021, the Sheriff, Jail Commander Heacock, and jail staff have forced him to be in a cell by himself. Mr. Johnson alleges that this results in discrimination because he cannot have full access to a telephone or watch television like other inmates. Instead, he is forced to stay

---

[1] The Court does not understand Mr. Johnson to be trying to sue the Jail as an entity separate from the Sheriff or the Sheriff's Department. If he were bringing such claims, they would be subject to dismissal because the Jail is not a suable entity.

in a cell by himself "with nothing" because he uses a cane to walk. *See* dkt. 1 at 2. Mr. Johnson alleges that these actions violate the ADA and the Rehabilitation Act.

B.      *Failure to Provide Adequate Medical Care*

Since December 3, 2021, Doctor Emerson, Nurse Kramer, and Nurse Ben have refused to provide Mr. Johnson with Gabapentin, which is a nerve pain medication that his orthopedic specialist has prescribed to him for the last four years. Mr. Johnson informed Doctor Emerson, Nurse Kramer, and Nurse Ben about his condition and provided them with documentation showing that he needs Gabapentin, but they have refused to give him Gabapentin or any nerve pain medication at all. Nurse Ben told Mr. Johnson that the Sheriff maintains a policy that prohibits medical staff from giving Mr. Johnson Gabapentin. Because Mr. Johnson has not received Gabapentin, he has been suffering in pain.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

A.      *Rehabilitation Act and ADA Claims*

Construing Mr. Johnson's complaint liberally, he alleges that the Sheriff and Jail Commander Heacock have violated the ADA and the Rehabilitation Act because they have deprived him of access to Jail programs and benefits (access to the phone and the television) because of his disability.

To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592

(7th Cir. 2015) (cleaned up). The Rehabilitation Act is "functionally identical." *Id.* (cleaned up). Under this standard, Mr. Johnson has adequately stated claims under Title II of the ADA and the Rehabilitation Act against the Sheriff in his official capacity, and those claims **shall proceed**.

To the extent Mr. Johnson is attempting to bring official-capacity claims against Jail Commander Heacock under the Title II of the ADA and the Rehabilitation Act, those claims are **dismissed** as duplicative of the claims against the Sheriff in his official capacity.

Finally, to the extent that Mr. Johnson is attempting to bring individual-capacity claims against the Sheriff or Jail Commander Heacock under Title II of the ADA or the Rehabilitation Act, those claims also fail because there is no personal liability under those statutes. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (affirming district court's dismissal of claims against individual defendants in their individual capacities under Title II of the ADA and the Rehabilitation Act because there is no personal liability under these statutes). Accordingly, the ADA and Rehabilitation Act claims against the Sheriff and Jail Commander Heacock in their individual capacities are **dismissed for failure to state a claim.**

B.  *Medical Care Claims*

Mr. Johnson also alleges that he was not provided with adequate medical care. Because Mr. Johnson was a pretrial detainee while he was housed at the Jail, his claims fall under the Fourteenth Amendment, and he must plausibly allege that the care he received was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's medical care claim). Under this standard, Mr. Johnson has adequately stated claims against the Sheriff, Doctor Emerson, Nurse Ben, and Nurse Kramer in their individual capacities, and those claims **shall proceed**.

Mr. Johnson also attempts to sue these defendants in their official capacities. The official-capacity claim against the Sheriff is actually claim against his office—the Sheriff's Department. The Sheriff's Department may only be sued when its own actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) to claim against an Indiana Sheriff's Office). To state such a *Monell* claim, Mr. Johnson must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). Under this standard, Mr. Johnson has adequately stated a *Monell* claim against the Sheriff in his official capacity based on the alleged denial of adequate healthcare, and this claim **shall proceed**.

To the extent that Mr. Johnson is also attempting to sue Doctor Emerson, Nurse Kramer, and Nurse Ben in their official capacities, he identifies them as employees of the Jail, so such claims are **dismissed as duplicative of the official-capacity claim against the Sheriff**.

C.   *Summary*

In summary, the following claims **shall proceed**:

- Claims under Title II of the ADA and the Rehabilitation Act against the Clark County Sheriff in his official capacity;

- Fourteenth Amendment claims against the Clark County Sheriff, Doctor Emerson, Nurse Ben, and Nurse Kramer in their individual capacities based on allegations of inadequate medical care; and

- Fourteenth Amendment claims against the Clark County Sheriff in his official capacity based on allegations of inadequate medical care.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed for the reasons stated above. If Mr. Johnson believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 25, 2022,** in which to identify those claims.

The **clerk is directed** to update the docket to reflect that the defendant currently identified as "Clark County Sheriff and Sheriff's Department" should be identified as "Clark County Sheriff." The **clerk** is **also directed** to **terminate** Jail Commander Heacock as a defendant.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Clark County Sheriff, Doctor Emerson, Nurse Ben, and Nurse Kramer in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 20, 2021, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 6/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER MICHAEL JOHNSON
270993
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Clark County Sheriff
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Doctor Emerson
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Nurse Ben
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Nurse Kramer
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130